IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PAULETTE HELBERG,                    §
   Plaintiff               §
            §
v.                                   §  CIVIL ACTION NO. _____
            §
LCA COLLECTIONS,                     §
   Defendant                §

**A06CA292 SS**

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1.  This is an action for actual and statutory damages brought by plaintiff, Paulette Helberg, an individual consumer, against defendant, LCA Collections, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### Parties

3.  Plaintiff Paulette Helberg is a natural person residing in the Western District of Texas, Austin Division.

4.  Defendant LCA Collections, is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at 231 Maple Avenue,

Burlington, North Carolina 27215. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### Factual Background

6.      By correspondence on the letterhead of defendant, dated March 7, 2006, defendant mailed a collection letter to plaintiff demanding payment of a debt in the amount of $66.02 allegedly due LabCorp.

7.      The letter was received by plaintiff at her residence in Austin, Texas.

8.      The alleged debt of plaintiff claimed in the letter was allegedly incurred for personal, family, or household services.

9.      On March 15, 2006, plaintiff's counsel faxed a letter to defendant notifying defendant that plaintiff disputed the alleged debt and directing defendant to communicate in the future with plaintiff's counsel, not with plaintiff..

10.      By letter dated March 23, 2006, defendant communicated with plaintiff's counsel about the alleged debt.  Defendant suggested that plaintiff contact her insurance carrier and asserted that it was not subject to the federal statute.  Counsel received the letter on March 30, 2006.

11.      On April 2, 2006, plaintiff's counsel faxed defendant a response letter, further explaining plaintiff's position.

12.      Thereafter, despite the letters from plaintiff's counsel, defendant sent another PAST DUE notice to plaintiff at her home address for the alleged debt.  Despite having been told that it was

2

a disputed debt and that all further communication should be through counsel, defendant stated the following in its letter:

> However, if this bill is not satisfied immediately, it will be listed as a severely delinquent account and further collection activities will proceed. Your payment is expected today.

13.     As a result of the acts above, plaintiff suffered compensable damages.

## Claims for Relief

14.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(A)     Defendant failed to send plaintiff a validation notice within five days of the initial communication, either written or oral.

(B)     After plaintiff requested validation of the debt, defendant continued collection activities.

(C)     Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt.

(D)     Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

(E)     Defendant attempted to collect any amount not authorized by any agreement creating a debt.

(F)     Defendant's communication creates confusion about the plaintiff's rights.

(G)     Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

3

(H)    Defendant's communication threatens to communicate, and communicates, credit information which is known or should be known to be false, including the failure to communicate that the dispute debt is disputed.

15.    As a result of the foregoing violations of the FDCPA, defendant is liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## Prayer

16.    ACCORDINGLY, plaintiff requests that judgment be entered against defendant for the following:

A.    Declaratory judgment that defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages pursuant to 15 U.S.C. §1692k;

D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1692k and ; and

E.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS & ELLIOTT, PC
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas 78759
(512) 346-7077
(512) 342-0007 (Fax)


By: _____
Joe K. Crews
State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF