UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
CASE NO: 1-06-cv-292-SS

FILED
2006 JUL 21  PM 4: 24
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

PAULETTE HELBERG,

        Plaintiff,

v.

LCA COLLECTIONS, a division of
LABORATORY CORPORATION
OF AMERICA,

        Defendant.
_____/

**DEFENDANT, LABORATORY CORPORATION OF AMERICA'S
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Laboratory Corporation of America ("LabCorp"), improperly named as LCA Collections, a division of Laboratory Corporation of America, pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to enter an order dismissing the Complaint with prejudice. The grounds for this motion are set out below in the Incorporated Memorandum of Law.

**MEMORANDUM OF LAW**

I. BACKGROUND AND ALLEGATIONS OF THE COMPLAINT

This case is essentially about Plaintiff's receipt of certain letters seeking repayment of a debt in the amount of $66.02, at least one of which Plaintiff claims violated the Federal Fair Debt Collection Practices Act ("FFDCPA"). (*See* Pl. Compl., ¶ 6.) Specifically, Plaintiff alleges that she received a collection letter on March 7, 2006 relating to an outstanding bill for laboratory testing services provided by LabCorp. Plaintiff's counsel allegedly sent a letter to LabCorp on March 15, 2006, disputing the debt and notifying LabCorp to communicate directly with Plaintiff's counsel. (*See* Pl. Compl., ¶ 9.) In response, LabCorp sent a letter dated March 23,

2006, suggesting that plaintiff contact her insurance company to make payment. (*See* Pl. Compl., ¶ 10.) Plaintiff's counsel faxed another letter to LabCorp on April 2, 2006, again explaining Plaintiff's position. (*See* Pl. Compl., ¶ 11.) Plaintiff alleges LabCorp subsequently sent another letter directly to Plaintiff which said: "However, if this bill is not satisfied immediately, it will be listed as a severely delinquent account and further collection activities will proceed. Your payment is expected today." (*See* Pl. Compl., ¶ 12.) Plaintiff does not allege that LabCorp contacted her in an abusive manner or otherwise harassed her.

Plaintiff's Original Complaint (the "Complaint") is organized under one heading titled "Claims for Relief." Plaintiff alleges that LabCorp's conduct, as described above, violated the federal Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. §§ 1692 *et seq*. Plaintiff claims are premised on the theory that LabCorp is a "debt collector" within the meaning of the FDCPA, because LCA "regularly attempts to collect consumer debts alleged to be due to another." (Pl. Compl., ¶ 5.) Specifically, Plaintiff claims LabCorp: (1) failed to send her a validation notice within 5 days; (2) continued collection activities after Plaintiff requested validation; (3) created a false impression of character, amount, or legal status of the debt; (4) used false, deceptive, or misleading representations or means to collect the debt; (5) attempted to collect an amount not authorized; (6) created confusion; (7) used unfair or unconscionable means; and (8) threatened to communicate credit information which is false. Nevertheless, LabCorp was not acting as a statutorily defined debt collector in communicating with Plaintiff, which it was not, none of the substantive provisions of the FDCPA apply.

II. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

    A.    *Legal Standard Under Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) is designed to eliminate counts or complaints

2

that fail to state a claim upon which relief may be granted. As such, this Court must accept all allegations in the complaint as true and construe allegations "liberally in favor of the plaintiff." *See Lowrey v. Texas A & M University Sys.*, 117 F. 3d 242, 247 (5th Cir. 1997). However, this Court need not accept unwarranted deductions or conclusory allegations. *See Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Further, regardless of the facts alleged, this Court may dismiss a complaint on the assertion of a valid affirmative defense. *See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Moreover, a court may consider documentary exhibits attached to a motion to dismiss if the exhibits are central to the plaintiff's claim and are relied on in the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 498-9. Where an exhibit contradicts an allegation raised in a complaint, the exhibit controls. *See Franks v. Prudential Health Care Plan, Inc.*, 164 F.Supp.2d 865, 871 (W.D. Tex. 2001). While the Plaintiff failed to attach the relevant collection letters to her Complaint, LabCorp should be allowed to provide them to the Court in this motion because they are clearly referred to by the Plaintiff in the Complaint and expressly contradict allegations raised by the Plaintiff. Thus, this Court should consider the collection letters, attached hereto as "Exhibit A" and "Exhibit B," without converting this 12(b)(6) motion into a motion for summary judgment. *See Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994).

  B. ***Plaintiff's Fair Debt Collection Practices Act Claims Are Barred by the Clear Language of the Act***

The Complaint should be dismissed because LabCorp is not a "debt collector" as defined

3

by the FDCPA and, thus, is not subject to its requirements. Indeed, central to Plaintiff's FDCPA claim is her assertion that LabCorp *is* a "debt collector" as that term is defined under the FDCPA. Specifically, Plaintiff alleges that LCA Collections, "regularly attempts to collect consumer debts alleged to be due to another." (Pl. Compl., ¶ 5.) Exhibits A and B belie this assertion and clearly demonstrate, as a matter of law, that LabCorp is neither a "debt collector" nor attempts to masquerade as one.

### 1. The Elements of Fair Debt Collection Practices Act

In order to prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000). Accordingly, by its terms, the FDPCA only governs the conduct of "debt collectors."

### 2. The Definition of "Debt Collector"

The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own *which would indicate that a third person is collecting or attempting to collect such debts.*

15 U.S.C. § 1692(a)(6) (emphasis added). Generally, creditors[1] are not debt collectors and, therefore, are not subject to the FDCPA. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); *KPMG Peat Marwick v. Texas Commerce Bank*, 976 F.Supp. 623, 634 (S.D. Tex. 1997).

---

[1] A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

4

This limited definition of "debt collector" meshes with the Act's intent. "The FDCPA is intended to protect consumers from unfair debt collection practices by prohibiting 'debt collectors' from using abusive tactics or false or misleading representations when attempting to collect debts." *Cargile v. Baylor Health Care Sys.*, 2005 WL 2445482, *5 (N.D. Tex. Aug. 10, 2005) (quoting *Brincks v. Taylor*, 2002 U.S. Dist. LEXIS 606, at *4 (N.D. Tex. Jan. 8, 2002)). Congress intended to prohibit all debt collection procedures which could be characterized as unfair, including communication with acquaintances of the consumer, telephone calls at unreasonable hours, abusing statements, threats of violence, and false or misleading representations. *See, e.g., Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994), *aff'd*, 514 U.S. 291 (1995). To that end, the statute "establishes certain rights for consumers whose debts are placed in the hands of *professional debt collectors* for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specific rights." *Id.* at *2 (emphasis added) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)).

In passing the FDCPA, Congress excluded creditors from the Act under the rationale that creditors are likely to avoid abusive debt collection practices in an effort to protect their corporate good will. *See Aubert v. Am. Gen. Finance, Inc.*, 137 F.3d 976, 978 (7th Cir. 1998).[2] This exclusion often extends to companies, such as LabCorp, who attempt to collect money owed to them through a separate "collections" group within the company. Because the rationale for this exclusion is a creditor will typically protect its corporate good will when attempting to collect a debt owed to it, "a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, [rather] it [can] use the 'name under which it usually

---

[2] *See also* (S. Rpt. No. 95-382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696) ("Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.").

transacts business, or a commonly-used acronym,' or any name it has used from the inception of the credit relation." *Maguire*, 137 F.3d at 235 (quoting Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50107 (1988) [hereinafter "Official FTC Staff Commentary"]; citing *Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122, 1128 (S.D. W. Va. 1990)).

The Official FTC Staff Commentary on the FDCPA explains that a creditor/corporation's collections unit that uses the creditor/corporation's goodwill is *not* a debt collector. Specifically, the Commentary states, "A creditor is a debt collector for purposes of the Act if . . . the creditor's collection's division is not clearly designated as being affiliated with the creditor; *however, the creditor is not a debt collector if the creditor's correspondence is clearly labeled as being from the 'collections unit of the [creditor's name],' since the creditor is not using a name other than its own in that instance.*" Official FTC Staff Commentary, 53 Fed Reg. at 50102 (emphasis added, brackets in original). Therefore, a creditor's in-house collection group is not considered a debt collector so long as "it collects its own debts in the true name of the creditor or a name under which it has consistently done business." *Id.*

If the creditor "uses a name other than its own," a creditor or its in-house collections division becomes subject to the FDCPA. 15 U.S.C. § 1692(a)(6). However, that name must "indicate that a third person is collecting or attempting to collect" the debt. *Id.* Therefore, "[a] creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else, or uses a pseudonym or alias." *Maguire*, 147 F.3d at 235 (citation omitted). Additionally, the creditor and "common ownership" exceptions to the FDCPA are broadly interpreted. *See Kang v. Eisenstein*, 962 F. Supp. 112, 114 (N.D. Ill. 1997).

### 3. Courts Evaluate Alleged FDCPA Violations From the Consumer's Prospective.

"The most widely accepted tests for determining whether a collection letter contains false, deceptive, or misleading representations are objective standards based on the concepts of the 'least sophisticated consumer' or the 'unsophisticated consumer.'" *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (quotations in original). The Fifth Circuit Court of Appeal applies both the "unsophisticated" and the "least sophisticated consumer" standard to determine whether a consumer would be deceived by the collection practice. *Id.* In *Peter v. GC Serv.*, 310 F.3d 344, 349 n.1 (5th Cir. 2002), the Fifth Circuit Court of Appeal notes, "[b]ecause the difference between the two standards is de minimis at most, we again opt not to choose between these standards." The least sophisticated consumer standard is "designed to protect all consumers, 'the gullible as well as the shrewd,' while at the same time protecting debt collectors from liability for 'bizarre or idiosyncratic interpretations.'" *Maguire*, 147 F.3d at 236 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–20 (2d Cir. 1993)). Even the least sophisticated consumer, however, "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon*, 988 F.2d at 1319. Under the unsophisticated consumer standard protection is provided for consumers who may be naïve, trusting or uninformed while still preserving the concept of reasonableness. *Gammon v. GC Serv. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). By combining both standards, all consumers, even those who may be untrained, credulous and inexperienced with regard to debt collection are protected without tying the debtor "to the very last rung on the [intelligence or] sophistication ladder." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004) (quoting *Taylor,* 103 F.3d at 1236)).

4.  **Under Any Standard, LabCorp is Not a "Debt Collector" as a Matter of Law**

In her complaint, Plaintiff asserts that LCA Collections is principally in the business of collection debts due to another, in this case, LabCorp. (Pl. Compl., ¶ 4.) This, Plaintiff asserts, makes LabCorp a "debt collector" for purposes of the FDCPA.

Despite Plaintiff's allegations to the contrary, LCA Collections is not a "debt collector" because it is not separate and distinct from LabCorp, and LabCorp is not using an "alias" to collect a debt owed to it. The collection letter directly contradicts Plaintiff's allegations. *See* Ex. A. To begin, the stationary heading on the letter that Plaintiff received states "LCA Collections: *A Division of Laboratory Corporation of America*."[3] *See* Ex. A (emphasis added). Based on this fact alone, even an unsophisticated or the least sophisticated consumer would recognize that LCA Collections is the in-house collections section of Laboratory Corporation of America. Indeed, it is plain from the attached exhibits that LCA Collections has no existence separate from LabCorp.

*Meads v. Citicorp Credit Services, Inc.*, 686 F. Supp. 330 (S.D. Ga. 1988) is instructive on this point. In *Meads*, Citibank, and its collection division, Citicorp Credit Service, Inc. ("CCSI") attempted to collect on a debt. Some of the collection letters included in the caption, "Citicorp Credit Service, Inc. A Division of Citicorp." and included "Citibank" at the bottom of the stationary. *Id.* at 331–32. Other collection letters were on CCS Collection Group stationary and included a prominent graphic stating: "A Division of Citicorp Credit Services, Inc." *Id.* at 332. The *Meads* court determined that this situation was "precisely one sought to be excluded under [the §1692a(6)(B) creditor exclusion], and that neither Citibank not CCSI are subject to

---

[3]  Furthermore, to the extent that there was any confusion that LabCorp's full corporate name was "Laboratory Corporation of America," it is resolved by the past due invoice that Plaintiff received. *See* Ex. B. That invoice states in the heading, "LabCorp" and directly underneath "Laboratory Corporation of America." *See* Ex. B.

the Act." *Id.* Therefore, as *Meads* makes clear, by labeling LCA Collections as a part of LabCorp, LabCorp "is not using a name other than its own" and "is not a debt collector." *Id.*

The Official FTC Staff Commentary is in accord. According to the FTC, a creditor is not a "debt collector" when it collects a debt through its in-house collections unit and the correspondence is clearly labeled as being from the "collections unit of the [creditor's name]." Official FTC Staff Commentary, 53 Fed Reg. at 50102. LabCorp has done exactly what the FTC commentary permits. LCA Collections, as stated in the heading of Exhibit A, is a collections unit of LabCorp. Under the circumstances, even the least sophisticated consumer would recognize that LCA Collections is the "collections unit" of Laboratory Corporation of America and not a free-standing debt collector.

The stationary heading "LCA Collections: A Division of Laboratory Corporation of America" also comports with the reason Congress did not include creditors or their in-house collections units as "debt collectors" in the FDCPA. By indicating that LCA Collections is a part of LabCorp, LabCorp's in-house collection's group continues to use LabCorp's corporate good will, which Congress determined sufficiently constrains its collection practices to exclude it from the being a "debt collector." *See Aubert*, 137 F.3d at 978; S. Rpt. No. 95-382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. By using the acronym "LCA", which is easily and logically associated with Laboratory Corporation of America, and stating that LCA Collections is a part of Laboratory Corporation of America, LabCorp has put its corporate name, reputation, and good will at stake and has clearly communicated that it is collecting its own debts and that the consumer is not dealing with a third-party debt collector.

To be sure, Plaintiff cannot accurately characterize this as an "alias" case. Cases in which a creditor uses a name other than its own are only actionable under the FDCPA where the

creditor entirely "pretends to be someone else or uses a pseudonym or alias." *Maguire*, 147 F.3d at 235 (quoting *Villarreal v. Snow*, 1996 WL 473386 at *3 (N.D. Ill. Aug. 19, 1996)). *Maguire* is instructive on this issue. In that case, the Second Circuit found that Citicorp Retail Services Inc. was using a name other than its own when it attempted to collect a debt through its debt collection unit "Debtor Assistance." *Id.* at 234. While the letter sent to the plaintiff included a single reference to the acronym "CRS," "the cryptic reference . . . was buried in the body of the letter's text." *Id.* at 237. Similarly, in *Lester E. Cox Medical Centers v. Huntsman*, 2003 WL 22004998, Case No. 3276CVSDWECF (W.D. Mo. Aug. 5, 2003), *aff'd*, 408 F.3d 989 (8th Cir. 2005), the court determined that Cox Medical Centers collected its debts under a different name when it used a corporate division named "Ozark Professional Collections" to collect its debts. *Id.* at *8.

However, FDCPA liability does not lie where the relationship between two entities is apparent. *Cf. Young v. Lehigh Corp.*, No. 80C4376, 1989 WL 117960, at *22 (N.D. Ill. 1989) (finding that plaintiff could not have been "duped into believing that Lehigh Corporation was not affiliated with Lehigh Country Club, Inc."); *see also Karp v. Siegel*, 1998 WL 314769, *4, Case No. 96Civ7477JFK (S.D.N.Y. June 12, 1998) (attorney's stationary, which stated below his name "American Express Travel Related Services Company, Inc." and at the bottom of the letter stated "An American Express Company" unambiguously showed an affiliation between attorney and American Express and, therefore, was not a "debt collector"). Here, the nature of the LCA acronym and the ubiquitous use of "Laboratory Corporation of America" in LabCorp's correspondence with Plaintiff, including the collection letters at issue, make it readily apparent that LCA Collections is related to Laboratory Corporation of America.

Furthermore, even if the heading on the collection letter that Plaintiff received from

LabCorp was insufficient, when considered by itself, to notify Plaintiff that LabCorp was collecting its own debt, the letter contains sufficient other indicia to demonstrate to both the unsophisticated and the least sophisticated consumer that the he or she was continuing to deal with LabCorp. *See* Ex. A. *Button v. GTE Service Corp.*, 1996 WL 943904, Case No. 1:96-cv-383 (W.D. Mich. Oct. 15, 1996) is instructive here. In *Button*, GTE Service Corporation used the name "National Credit Management Center" to collect its own debts. The court determined, on a motion to dismiss, that "in light of the course of communications, the stationary letterhead used, the return address on the envelopes, the address to which payment was to be returned, and the text of the correspondence," while the exact nature of the relationship between GTE Services Corp. and National Credit Management Center was unclear, the relatedness of the entities was apparent.

The court in *Button* found that these facts dispelled any notion that National Credit Management Center might be a distinct third-party collection agency subject to the FDCPA. *Id* at *1–2. Indeed, the *Button* court determined that "even the least sophisticated consumer, who is able to read, and is presumed to have read the notices with some caution, would be able to determine that National Credit Management Center is part of or related to defendant GTE Service Corporation, not a third-party debt collector or collection agency." *Id.* at *2. The *Button* court further determined that "[a] contrary conclusion could only be fairly characterized as idiosyncratic or the product of carelessness." *Id.*

This case is analogous. As in *Button*, the address to which payment was to be returned are the same on the laboratory bill (Exhibit B) and the collection notice (Exhibit A): "P.O. Box 2240, Burlington, North Carolina 27216-2240." Additionally, the telephone number that Plaintiff could call regarding any questions that she has is the same on the laboratory bill and the

11

collection notice: (800) 845-6167.  *See* Exs. A and B.  The internet address for web payment options is the same on both the laboratory bill and collection notice and, significantly, is clearly related to LabCorp: www.labcorp.com/billing.  *See* Exs. A and B.  Again, all of this information is included on the detachable payment coupon at the bottom of the collection notice (*See* Exhibit A), which is almost identical, in form and substance, to the detachable payment coupon at the bottom of the laboratory bill (*See* Exhibit B).

Furthermore, even an unsophisticated or least sophisticated consumer would realize LCA Collections was not a third-party credit agency because the May 17, 2006 past due invoice (See Exhibit B) was sent after the March 28, 2006 collection letter (Exhibit A), clearly showing the consumer that the matter had not been referred to a third-party credit agency.

In short, the nature of the acronym associated with LabCorp's collection function, the address to which payment would be returned, the telephone number, the internet address, the form of the collection notice, and even the text of the letter itself disproves Plaintiff's position that the unsophisticated or least sophisticated consumer would not be able to determine that the subject collection letter was not coming from a third-party collection agency.  Furthermore, when this information is considered in light of the unambiguous letterhead on the relevant collection letter, "LCA Collections, A Division of Laboratory Corporation of America," it is simply bizarre and idiosyncratic for a consumer with a rudimentary amount of information about the world and a willingness to read a collection notice to assert that he or she reasonably believes that the letter was coming from a third-party debt collector.  For all of these reasons, Plaintiff cannot set forth a claim against LabCorp for violating the FCDPA.  "LCA Collections" is simply not a debt collector under the Act.  Therefore, Plaintiff's Complaint should be dismissed with prejudice.

III. **CONCLUSION**

For the foregoing reasons, Defendant Laboratory Corporation of America respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY,
A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600 Telephone
(512) 536-9916 Telecopier

_____
Michelle Acala
State Bar Number 24040403
malcala@gdhm.com

and

Robert Hearn
Florida Bar No. 0067687
rhearn@zuckerman.com
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, Florida 33602
(813) 221-1010 Telephone
(813) 223-7961 Telecopier

ATTORNEYS FOR DEFENDANT/ LABORATORY
CORPORATION OF AMERICA

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been sent to the following on this 21 day of July, 2006, via certified mail, return receipt requested, postage prepaid:

Joe K. Crews, Esq.
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas 78759

                                                              Michelle Alcala

07/19/2006  10:56    5123420007              CREWSELLIOTT                    PAGE 02/10

# LCA COLLECTIONS          PAST DUE
A Division of Laboratory Corporation of America

TAX ID# : 84-0611484
535533504460

| | |
|---|---|
| PATIENT: | PAULETTE HELBERG |
| INVOICE DATE: | 03/28/06 |
| YOUR INVOICE #: FACTURA | 41578328 |
| AMOUNT DUE: | $66.02 |

#BWNDJPN ***5-DIGIT   78749
#004157832801#
PAULETTE HELBERG
5902 PECANWOOD LN
AUSTIN, TX 78749-3535

DATE OF SERVICE:      12/21/05
TEST REQUESTED BY:    HILL COUNTRY OB/GYN

## Immediate Payment Required

Our records indicate your debt to LabCorp has not been satisfied and is seriously past due by 3 months. It is not our wish to have this matter handled as a collection issue. However, if this bill is not satisfied immediately, it will be listed as a severely delinquent account and further collection activities will proceed. Your payment is expected today.

Call 1-800-845-6167 immediately, and we will make arrangements to resolve this past due invoice.

If a payment has recently been made, please accept our thanks.

IMPORTANTE: Su cuenta esta vencida. Tenemos agentes bilingues disponibles para asistirle. Llamenos ahora para resolver su situacion.

** CALL BETWEEN 8:00AM - 5:00PM MON-FRI, CENTRAL TIME ** 1-800-845-6167

---

FOR PROPER CREDIT, RETURN THIS PORTION WITH YOUR PAYMENT

5902 PECANWOOD LN
AUSTIN, TX 78749-3535

PLEASE DO NOT SEND CASH

MAKE CHECK OR MONEY ORDER PAYABLE TO:

FOR: PAULETTE HELBERG

LCA
P.O. BOX 2240
BURLINGTON, NORTH CAROLINA  27216-2240

TERMS PAYABLE ON RECEIPT

| YOUR INVOICE NO. |
|---|
| 41578328 |
| PAY THIS AMOUNT |
| $66.02 |

WEB PAYMENT OPTIONS ARE AVAILABLE AT:
www.labcorp.com/billing


EXHIBIT A

GREBLEH*LUAP****   53553350   4460****   4   0066024

```
07/19/2006  10:56   5123420007                CREWSELLIOTT                            PAGE  03/10
```

# LabCorp
**Laboratory Corporation of America**
TAX ID#: 84-0611484
535533504460

# LABORATORY BILL

## PAST DUE NOTICE

PATIENT: PAULETTE HELBERG
INVOICE DATE: 05/17/06

YOUR INVOICE # / FACTURA: **41578328**
AMOUNT DUE: **$66.02**

**DUE IMMEDIATELY**

#BWNDJPN ***5-DIGIT 78749
#004157832801#
PAULETTE HELBERG
5902 PECANWOOD LN
AUSTIN, TX 78749-3535

| Test requested by: | A claim was last filed to: |
|---|---|
| HILL COUNTRY OB/GYN<br>7900 FM 1826, SUITE #200<br>AUSTIN, TX 78737 | INSURANCE FILED: HUMANA PPO<br>INSURANCE ID: 000794303<br>POLICY OR GROUP NO: 562427 |
| Please Note: These charges are not included in your doctor's fee. | Only your doctor can answer questions concerning diagnosis and results. |

### Summary of Activity

| Date of Service | Description | Charges | Adjustments | Medicare/Medicaid Paid | Insurance Paid | Patient Paid | You Pay |
|---|---|---|---|---|---|---|---|
| 12/21/05 | Comp. Metabolic Panel (14) | 26.25 | | | | | 26.25 |
| 12/21/05 | CBC, Platelet; No Differential | 37.00 | | | | | 37.00 |
| 12/21/05 | Lipid Panel | 21.32 | | | | | 21.32 |
| 12/21/05 | TSH | 26.78 | | | | | 26.78 |
| 12/21/05 | Thyroxine (T4) | 23.10 | | | | | 23.10 |
| 12/21/05 | T3 Uptake | 22.05 | | | | | 22.05 |
| 12/21/05 | Venipuncture | 11.35 | | | | | 11.35 |
| | ADJUSTMENT(S) | | (101.83) | | | | (101.83) |
| | | 167.85 | (101.83) | | | | $66.02 |

**We accept the following credit cards:**   

**To resolve your account:**
Call: 1-800-845-6167 ; or
Visit: www.labcorp.com/billing

TEST PERFORMED BY: LABCORP HOUSTON 7207 NORTH GESSNER HOUSTON, TX 77040

---

**FOR PROPER CREDIT, RETURN THIS PORTION WITH YOUR PAYMENT**

5902 PECANWOOD LN
AUSTIN, TX 78749-3535

FOR: PAULETTE HELBERG

WEB PAYMENT AND INSURANCE FILING OPTIONS ARE AVAILABLE AT:
www.labcorp.com/billing

PLEASE DO **NOT** SEND CASH

MAKE CHECK OR MONEY ORDER PAYABLE TO:

Laboratory Corporation of America Holdings
P.O. Box 2240
Burlington, North Carolina 27216-2240

**DUE IMMEDIATELY**

YOUR INVOICE NO: **41578328**
PAY THIS AMOUNT: **$66.02**

If you received an Explanation of Benefits from your insurance company and the patient responsibility is less than the amount of this bill, please pay the lesser amount and call our Customer Service Department.


EXHIBIT B

```
GREBLEH*LUAP****   53553350   4460****   2   0066024
```